# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ROMEO MARELLE KUYKENDALL, <br><br> Defendant. | No. CR22-2046-LTS <br><br> **ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING MOTION TO SUPRESS** |

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) (Doc. 36) in which United States Magistrate Judge Mark A. Roberts recommends that I deny defendant Romeo Kuykendall's motion (Doc. 24) to suppress. Kuykendall has not filed objections to the R&R and any such objections are now deemed waived. *See* LR 72A; *see also* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2).[1]

## II. STANDARD OF REVIEW

When a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge]

---

[1] Kuykendall recently pleaded guilty to Count I of the indictment and now awaits sentencing. *See* Docs. 39, 40, 42. Nonetheless, I find it appropriate to address the R&R to fully resolve the motion to suppress.

would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. DISCUSSION

Because Kuykendall did not object to the R&R, I have reviewed it for clear error. Judge Roberts applied the appropriate legal standards in considering whether law enforcement officials violated Kuykendall's Fifth Amendment rights. Judge Roberts properly concluded that based on the totality of the circumstances, Kuykendall knowingly and intelligently waived his *Miranda* rights at the time Sergeant Matthew Woodward read them. While Kuykendall admitted to using marijuana and taking Xanax the day before his encounter with law enforcement, I agree that Kuykendall's prior drug use did not cause his will to be overborne such that he could not knowingly and intelligently waive his rights. Kuykendall followed commands and otherwise spoke coherently during the interactions with law enforcement.

Judge Roberts also properly concluded that Kuykendall's statements were voluntary, as being under the influence does not necessarily render statements involuntary and police did not subject Kuykendall to any form of coercion. I also agree with Judge Roberts' conclusion that Kuykendall provided a urine sample voluntarily. While

2

Kuykendall was in custody at the time he provided the sample, he was not handcuffed and could move freely around the interview room. Kuykendall did not object to providing the sample, and there is no evidence of any form of coercion. Based on the totality of the circumstances, he gave the sample voluntarily and his Fifth Amendment rights were not violated.

In short, I find no error—clear or otherwise—in Judge Roberts' factual findings and legal conclusions. As such, I accept the R&R in its entirety.

## IV. CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Roberts' Report and Recommendation (Doc. 36) in its entirety and without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Roberts' recommendation, the defendant's motion (Doc. 24) to suppress evidence is hereby **denied**.

**IT IS SO ORDERED.**

**DATED** this 28th day of April, 2023.

_____
Leonard T. Strand, Chief Judge